**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUSEF STEELE,<br><br>    Plaintiff,<br><br>v.<br><br>LOUIS A. MANGIONE, ESQ., et al.,<br><br>    Defendants. | Case No. 2:19-cv-21120 (BRM)<br><br><br>**MEMORANDUM ORDER** |

**IT APPEARING THAT:**

1. On or about December 11, 2019, Plaintiff Yusef Steele filed his complaint in this matter. (ECF No. 1.)

2. On April 24, 2020, this Court granted Plaintiff *in forma pauperis* status. (ECF No. 2).

3. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v.*

*Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff seeks to raise a claim for false arrest against Defendant Alameda, a Piscataway police officer; a claim for malicious prosecution against Defendant Vitalley, a state prosecutor in his criminal proceedings; claims against Alameda and Vitalley for selective enforcement/prosecution; and claims against two public defenders based on his assigned defender's "failure" to file motions Plaintiff wishes to have filed in his criminal matter.

7. Plaintiff's claims all arise out of his arrest in March 2019 and ensuing prosecution on drug charges. According to Plaintiff, he and his ex-girlfriend had been in a hotel in a Piscataway Motel 6 in October 2018, but he apparently left after they had a dispute. (ECF No. 1 at 7.) The following day, he was contacted both by hotel management the police who asked him to return to "get [his] property" which had been left in the room. (*Id.* at 8.) When he returned, he was detained by the police and questioned regarding drugs which had been recovered in the hotel room. (*Id.*) Although Plaintiff was released at the time, he was later arrested in March 2019 based on a warrant obtained by Defendant Alameda based on his allegedly false allegation that Plaintiff was involved in drug distribution related to the motel room. (*Id.* at 8-9). Plaintiff was thereafter indicted and assigned Defendant Mangione as his public defender. (*Id.* at 8.) Mr. Mangione apparently refuses to file motions on Plaintiff's behalf. Although Plaintiff apparently admits that drugs were in the room, he believes police could have no probable cause to arrest or prosecute him as they cannot prove that he "was in actual and/or constructive possession" of the drugs in question. (*Id.* at 9-10). Plaintiff further alleges that this is a case of selective enforcement as the police did not arrest and the prosecutor did not indict any of the "white" people who came and went from the room

but did arrest "the only African Americans" involved. (*Id.* at 9-10). Plaintiff, however, does not provide any further information on how he is similarly situated to these other individuals.

8. Turning first to the Public Defenders, Defendants Mangione and Johnson, Plaintiff has failed to plead a valid § 1983 claim as to these Defendants. Criminal defense attorneys, including "public defenders and court-appointed counsel[,] acting within the scope of their professional duties are absolutely immune from civil liability" under § 1983. *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). Even defense attorneys employed by the state government, such as the public defender officials sued in this matter, enjoy this immunity because defense counsel "does not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). As both Mangione and Johnson are court-appointed or public defenders acting in their capacity as Plaintiff's representatives,[1] they are immune from suit in this matter, and Plaintiff's claims against them must be dismissed.

9. Plaintiff's malicious prosecution claim against Defendant Vitalley also fails to state a plausible claim for relief as he has not pled one of the necessary elements of the cause of action – that his prosecution terminated in his favor. *See, e.g., Halsey v. Pfeiffer*,

---

[1] In his complaint, Plaintiff briefly and without explanation asserts that these Defendants are "conspir[ing]" with the prosecutor to keep him incarcerated, but he pleads no facts actually indicating any conspiracy between these parties. *See Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (to plead conspiracy, a plaintiff must plead facts indicating a meeting of the minds between the alleged conspirators, bald allegation of conspiracy insufficient). Because Plaintiff could in theory plead facts indicating a conspiracy, Defendants Mangione and Johnson shall be dismissed without prejudice as this time.

750 F.3d 273, 296-97 (3d Cir. 2014).  Plaintiff has therefore failed to state a malicious prosecution claim at this time, and his claim must be dismissed without prejudice.

10. Plaintiff's selective enforcement or prosecution claim likewise fails to state a plausible claim for relief.  In order to plead a selective enforcement or prosecution claim, a plaintiff must assert that he was treated differently by law enforcement personnel than other similarly situated individuals and that the reason for this difference in treatment was an improper basis "such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005).  Although Plaintiff has alleged that he was treated differently from individuals of another race, he has not pled facts showing that he and these other individuals were similarly situated – while he has pled that both he and these others entered the motel room, he has not pled that they, like him, were connected to the room or contacted by motel management, who apparently had his contact information, or had possessions stored in the room Plaintiff apparently did.  As Plaintiff has not pled that these others were similarly situated, his selective enforcement/prosecution claims must be dismissed without prejudice at this time.

11. Having reviewed Plaintiff's complaint, however, this Court observes no basis for the dismissal of Plaintiff's false arrest claim against Defendant Alameda at this time, and will therefore permit that claim to proceed.

**IT IS THEREFORE** on this 23rd day of November 2020,

**ORDERED** that Plaintiff's false arrest claim against Defendant Alameda shall **PROCEED** at this time; and it is further

**ORDERED** that Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant Alameda pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant Alameda shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**