<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YUSEF STEELE,**<br><br>                   **Plaintiff,**<br>     v.<br><br>**LOUIS A. MANGIONE, ESQ., et al.,**<br><br>                  **Defendants.** | Civil Action No.  19-21120 (BRM)<br><br>**OPINION** |

Before the Court is the motion of *Pro se* Plaintiff Yusef Steele ("Plaintiff") for leave to file an amended complaint. (ECF No. 14.)  No oral argument was heard pursuant to Fed. R. Civ. P. 78. After considering the arguments in support of the Motion,[1] and for good cause shown, and for the reasons set forth below, the motion is **DENIED**.

<u>**BACKGROUND AND RELEVANT PROCEDURAL HISTORY**</u>

On December 11, 2019, Plaintiff filed this Section 1983 action arising from his March 2019 arrest and resulting prosecution on drug charges.  *See* Compl., at 7, ECF No. 1.  According to Plaintiff, in October 2018, he was falsely accused of drug distribution while in a Motel 6 hotel room wherein law enforcement discovered the presence of drugs.  *Id.* He further alleges that law enforcement did not have probable cause to arrest or prosecute him.  Further, Plaintiff, who is African American, claims he was unlawfully arrested based on selective enforcement in that the police did not arrest any of the "white" people who came and went from the hotel room.  *See* Compl., at 7-10; ECF No. 1.  Based on these allegations, Plaintiff filed suit against a Piscataway police officer, identified as Defendant Alameda, for false arrest; against a state prosecutor,

---

[1] The remaining named defendant, Carlos Alameda ("Alameda") has not yet entered an appearance in this case.  Thus, he could not have submitted opposition, if any, to the instant motion.

identified as Defendant Vitale[2], for malicious and selective prosecution; and against two public defenders, identified as Mangione ("Mangione") and Johnson ("Johnson"), for unspecified Section 1983 violations. *Id.* at 5-8.

On November 23, 2020, the Honorable Brian R. Martinotti, U.S.D.J issued a Memorandum Order, screening Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ECF No. 3). In determining whether to *sua sponte* dismiss any claim, Judge Martinotti noted the "'legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).'" *Id.* at 1 (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (further internal citation omitted)). Analyzing Plaintiff's claims under a Rule 12(b)(6) standard, Judge Martinotti permitted Plaintiff's false arrest claim against Alameda to proceed but dismissed the remaining claims without prejudice against defendants Vitale, Mangione and Johnson. *Id.*

Concerning the claims against Mangione and Johnson, Judge Martinotti found that, as court appointed counsel or public defenders acting within the scope of their professional duties as Plaintiff's legal counsel, they are "absolutely immune from civil liability under [Section] 1983." *Id.* at 4. As such, Judge Martinotti dismissed Plaintiff's claim against them. Id. As to Plaintiff's cursory reference to an alleged conspiracy by Mangione and Johnson, Judge Martinotti found that such cursory and bald-faced allegations were insufficient to support a conspiracy claim. *Id.* at 4 n.1. However, Judge Martinotti stated that Plaintiff could in theory plead sufficient facts indicating a conspiracy, and thus, dismissed Defendants Mangione and Johnson without prejudice.

With respect to the malicious prosecution claim against Vitale, Judge Martinotti found that

---

[2] Plaintiff referred to this defendant as "Vitalley" in his original complaint but "Vitale" in the current motion and proposed amendment. For purposes of the instant motion, the Court assumes that Plaintiff is referring to the same person and will use the "Vitale" spelling of the named defendant herein.

2

Plaintiff did not plead his prosecution was terminated in his favor, a necessary element of the claim. As such, Judge Martinotti concluded that Plaintiff failed to state a claim for malicious prosecution and dismissed it without prejudice. *Id.* at 4-5.

Judge Martinotti dismissed Plaintiff's selective enforcement or prosecution claim without prejudice for failure to state a claim. Judge Martinotti found that although Plaintiff alleged that he was treated differently from individuals of another race, he did not plead facts showing that these individuals were similarly situated to him. *Id.* at 5. In particular, Plaintiff did not plead that he and the other individuals entered the motel room; like him, they were connected to the motel room or were contacted by motel management; or their possessions were stored in the room. *Id.*

In light of his rulings, Judge Martinotti directed the Clerk of the Court to issue a summons and the United States Marshall to serve a copy of the Complaint, summons and Court's Order upon defendant Alameda, and directed Alameda to file and serve a responsive pleading. (ECF No. 3). Yet, beginning on January 15, 2021, Plaintiff filed several applications and motions. All appeared to be different variations of his request to amend his complaint but none of which included any proposed, red-lined pleading as required by Local Civil Rule 15.1(a)(1). (*See* ECF Nos. 6-8, 10-12.) As such, on May 12, 2021, the Undersigned issued an Order, denying without prejudice all of Plaintiff's applications. (May 12 Order, ECF No. 13). The May 12 Order afforded him thirty (30) days to file a single motion to amend that included a single proposed amended complaint containing all proposed allegations, claims and defendants, as well as comported with the rulings and conclusions set forth in Judge Martinotti's Memorandum Order. *Id.* at 3.

On June 14, 2021, Plaintiff filed the instant motion to amend, which includes a proposed pleading as an exhibit (ECF No. 14-7). His motion papers also include a litany of other documents, comprised of a prior motion to amend and exhibits apparently relating to his state arrest and

3

prosecution. Given the leniency afforded to *pro se* litigants and that Rule 7.1, like other Local Civil Rules, are subject to relaxation specifically in the case of *pro se* litigants, the Court has endeavored to review Plaintiff's *pro se* submission liberally and with every permissible indulgence. *Capogrosso v. The Supreme Court of New Jersey,* 588 F.3d 180, 184 n. 1 (3d Cir.2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally."); *see* L. Civ. R. 7.1. From what the Court can discern, Plaintiff seeks to amend his Complaint to add the following claims against certain previously dismissed defendants, as well as add the following new parties and claims:

- claims against Vitale, previously dismissed, for fraud upon the court, spoliation of evidence, and conspiracy to violate civil rights using a fraudulent lab report;
- claims against Mangione, previously dismissed, for fraud and conspiracy;
- claims against Wanda Aiken, an attorney with the Public Defender's Office, for conspiracy;
- claims against a police officer, identified as "K Buco" for denying him access to personal property;
- a claim against a lab technician, identified as Briana Senger, who "conspired" with unnamed other John Does to create false lab reports;
- claims against a New Jersey Superior Court Judge, the Honorable Pedro J. Jimenez, J.S.C., for fraud, conspiracy, wrongful death, and a violation of due process;
- a claim against Defendant Alameda for conspiracy; and
- claims against a state prosecutor, Laura Seborowski, for conspiracy and falsification of evidence.

(*See generally* ECF No. 14-7 at 1-8.)

## **LEGAL STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend the pleading at any point prior to trial "only with the opposing party's written consent or the court's leave." *Id*. Leave should be freely given by the Court "when justice so requires." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). This mandate encompasses a broad range of equitable factors, including whether there is (1) undue delay; (2) bad faith, (3) prejudice, (4) failure to cure

4

deficiencies through previous amendments; or (5) futility of the proposed amendment. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1964). The decision to grant leave rests in the sound discretion of the Court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971).

A proposed amendment is futile if it would fail to state a claim upon which relief could be granted, in accordance with "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In analyzing a motion to dismiss under Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Plaintiff's "obligation [is] to provide the 'grounds' of his entitlement to relief"; this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Determining whether the allegations in a complaint are plausible "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In sum, the Court must first separate the factual elements from the legal arguments of the claim. *Holmes v. Newark Pub. Sch.*, Civ. No. 13-765 (FSH), 2013 U.S. Dist. LEXIS 171348, at

5

\*6 (D.N.J. Dec. 4, 2013) at \*6 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)).  Second, the court must determine if the facts as alleged are sufficient to demonstrate a "'plausible claim for relief.'"  *Id.* (citing *Fowler*, 578 F.3d at 210).

Finally, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).  Liberal construction does not "require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Holmes v. Newark Pub. Sch.*, Civ. No. 13-765 (FSH), 2013 U.S. Dist. LEXIS 171348, at \*6 (D.N.J. Dec. 4, 2013) (citing *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)).

## ANALYSIS

Plaintiff's motion identifies certain previously dismissed and newly added defendants as well as proposed previously dismissed and new claims.  However, a common theme throughout his motion is the use of mere bald allegations, legal labels and unsupported legal conclusions.  As is explained herein, Plaintiff's proposed amendment suffers from the same deficiencies as his original complaint in that his amendment is devoid of any well-pleaded facts that would allow this Court to infer more than the mere possibility of misconduct as required by *Iqbal* or otherwise plead facts sufficient to satisfy all the elements of his proposed legal claims.  Thus, his proposed amendments are futile based on failure to state a claim.

### A. Vitale

Plaintiff appears to allege that Vitale committed "fraud upon the court" by spoliating and fabricating evidence, as well as conspired "with other named defendants" to violate his civil rights. (ECF No. 14-7 at 4, 8).  Plaintiff's proposed fraud claim seems to be premised on the notion that "fraudulent lab reports" were used in connection with his criminal proceedings and that spoliation

occurred because a "videotape" was allegedly not preserved. *Id.* Construed liberally, this appears to be an attempt to plead Section 1983 claims alleging spoliation and fabrication of evidence.

"To state a successful [Section] 1983 claim for knowingly falsified evidence, a plaintiff must show a reasonable likelihood that, absent that fabricated evidence, [he/she] would not have been criminally charged, *Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016), or convicted, *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014)." *Ortiz v. New Jersey State Police*, 747 Fed. Appx. 73, 77 (3d Cir. 2018) (internal quotes omitted). However, "[i]f establishing these elements would necessarily imply that the conviction [or charges] were invalid, the claims are barred by *Heck v. Humphrey* until such time as the conviction is reversed, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such a determination." *Id.* at 79 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *see also Dickerson v. City of Atl. City*, 2020 WL 4364349, at *2 (D.N.J. July 29, 2020). The Supreme Court's *Heck* decision also bars Section 1983-based spoliation of evidence claims when there remains a valid, underlying conviction. *See Brookman v. Twp. of Hilldside*, 2009 WL 4730197, at *2 (D.N.J. Dec. 4, 2009) (Section 1983 related claims, including spoliation of evidence claim, barred by *Heck*).

Here, Plaintiff does not allege that his conviction has been reversed, expunged or declared invalid by any state tribunal. As a result, any spoliation of evidence or fabrication of evidence-based Section 1983 claims against Vitale are futile. *See Ebuzor-Onayemi v. Union County Police Department*, 736 Fed. Appx. 44, 46-47 (3d Cir. 2018).

Plaintiff's attempt to plead a "conspiracy" claim against Vitale is also futile. It appears that Plaintiff is attempting to plead a Section 1985[3] conspiracy involving Vitale and others,

---

[3] Under the jurisdiction section of his proposed amended complaint, Plaintiff refers to "1985 conspiracy" as a "different or additional" basis for jurisdiction in addition to the Section 1983 claims alleged. (*See* ECF No. 14-7 at 2.) The Court presumes Plaintiff is referring to 42 U.S.C. § 1985 ("Section 1985").

7

including prosecutors, attorneys, and public defenders, relating to the lab reports and other evidence. (*See* ECF No. 14-7 at 4.) To plead a Section 1985 conspiracy, "a plaintiff must plead facts indicating a meeting of the minds between the alleged conspirators, bald allegations of conspiracy [are] insufficient." (Memorandum Order dated November 23, 2020, at 4 n.1 (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)).

Judge Martinotti dismissed without prejudice Plaintiff's attempt to plead a conspiracy claim in this case because he did not plead any "facts indicating any conspiracy. . . ." *Id.* Plaintiff's proposed amended complaint does not cure this deficiency. Indeed, Plaintiff simply refers to Vitale "conspiring with other defendants" to "spoliate evidence" and "utter fraudulent lab reports." (ECF No. 14-7 at 4.) These are bald assertions and unsupported legal conclusions are deficient for the same reasons articulated by Judge Martinotti in his Memorandum Order. Further, Plaintiff's conspiracy-based allegations cannot support a viable claim because they appear to ultimately challenge the validity of Plaintiff's conviction, which remains valid at this point. *See Heck,* 512 U.S. at 487. Accordingly, plaintiff's proposed claims against Vitale are futile.

**B. <u>Mangione</u>**

Plaintiff seeks to add fraud, conspiracy, and civil rights claims against his public defender Mangione,[4] including, again, the claim that fraudulent lab reports were used at Plaintiff's trial in violation of the Fourteenth Amendment. (ECF No. 14-7 at 4, 10.) As it relates to fraud based or any similar Section 1983 claims, Judge Martinotti previously explained that "criminal defense attorneys, 'including public defenders and court-appointed counsel, acting within the scope of their

---

[4] Based on this Court's review of the proposed amendment, it is unclear whether Plaintiff seeks to assert the same proposed claims against public defender Johnson, who Judge Martinotti previously dismissed from this case. This uncertainty is of no moment. To the extent Plaintiff is seeking to add Johnson again and assert the same fraud, conspiracy, and civil rights claims against Johnson, the Court finds any such proposed amendments are futile for the same reasons that the proposed claims against Mangione are deemed futile.

8

professional duties are absolutely immune from civil liability' under Section 1983." (Memorandum Order at 4 (quoting *Walker v. Pennsylvania*, 580 Fed Appx. 75, 78 (3d Cir. 2014)). Therefore, any such claims stemming from alleged conduct committed while serving as Plaintiff's legal representative are futile. Plaintiff's proposed Section 1985 conspiracy claim based on Mangione's alleged fabrication of evidence is futile for the same reasons that Plaintiff's conspiracy claim again Defendant Vitale fails.

### C. Wanda Akin

Plaintiff purports to assert a conspiracy claim against a new defendant, attorney Wanda Akin. However, again, Plaintiff does not provide sufficient factual allegations to support a conspiracy claim. Instead, he simply states that Akin is conspiring with the prosecutor to keep him in prison and withhold evidence that supports a selective enforcement claim. (ECF No. 14-7 at 5). To the extent Plaintiff is attempting to allege selective enforcement, it is not clear how such a claim could apply to a defense attorney. Putting that aside, Judge Martinotti already dismissed Plaintiff's selective enforcement claims because he did not plead sufficient facts showing that he and other individuals were "similarly situated." In other words, beyond his own conclusory assertions, Plaintiff has not alleged facts demonstrating that these individuals were connected to the motel room, contacted by hotel management, and/or had possessions stored in the same room occupied by Plaintiff. (*See* Memorandum Order at 5.) Plaintiff's proposed pleading does not remedy this deficiency, and thus, the proposed amendments to add Akin as a defendant and assert a conspiracy claim are futile.

### D. K. Buco

Plaintiff alleges that Defendant "K. Buco" – a Piscataway Police officer – denied his "right to gain access to my property," and "exercise my right as a free man to have access to my own

property," referencing the First, Fourth, and Fourteenth Amendments. (ECF No. 14-7 at 5.) Rule 8(a) requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Phillips*, 515 F.3d at 234. Here, Plaintiff has not sufficiently articulated what property he is referring to; how he was entitled to it; or why he was denied access to it. In short, the pleading does not satisfy Rule 8's requirement that defendant be placed on reasonable notice of the claim asserted against it. *See Phillips*, 515 F.3d at 234. Nor does the pleading enable to the Court to sufficiently assess the context or viability of any claim for deprivation of property. As a result, the claim as presently alleged violates Rule 8 and thus any amendment to add K. Buco as a defendant and assert a claim is futile.

### E. Briana Senger

As best can be gleaned from the proposed amended complaint, Plaintiff alleges that a state-employed lab technician, identified as Briana Senger, "conspired" with others to create false lab reports. (ECF 14-7 at 6-10.) Plaintiff appears to allege that the lab reports are fraudulent because they are not dated and do not have a "color change" test, and that by "uttering these documents . . . as true," Senger allegedly engaged in a conspiracy. (Id. at 6.) Again, to plead a Section 1985 conspiracy, "a plaintiff must plead facts indicating a meeting of the minds between the alleged conspirators, bald allegations of conspiracy [are] insufficient." (Memorandum Order dated November 23, 2020, at 4 n.1 (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008))). Absent a more coherent pleading, any Section 1985 claim of conspiracy fails to raise a plausible right to relief and is futile. *See Iqbal,* 556 U.S. at 678. Finally, any Section 1983 claim alleging falsification of evidence against Senger is futile due to Plaintiff's still-valid conviction. *See Heck*, 512 U.S. at 487.

### F. Honorable Pedro J. Jimenez, J.S.C.

Plaintiff appears to allege that a New Jersey Superior Court Judge, the Honorable Pedro J. Jimenez, J.S.C., engaged in fraud and violated his due process rights. (ECF No. 14-7 at 6-7.) Plaintiff also alleges that Judge Jimenez is liable for the "wrongful death" of his fiancé, who apparently died of a drug overdose in that had Judge Jimenez reopened his detention hearing and granted Plaintiff' bail he would have been able to prevent the overdose. *Id.* Judges are entitled to absolute judicial immunity for conduct pursuant to their roles as judicial officers. *See Stump v. Sparkman,* 435 U.S. 349, 359 (1978); *Azubuko v. Royal*, 443 F.3d 302 (3d Cir. 2006). Accordingly, any claims against Judge Jimenez are futile. Further, Plaintiff's allegations are not only based on speculation but are merely conclusory assertions, which do not state a claim for any relief. Thus, any such claims against Judge Jimenez are futile on this independent ground.

### G. New Claims against Alameda

Plaintiff appears to assert a 1985 conspiracy claim against Defendant Alameda. It appears that his claim is based on a conclusory allegation that Alameda was involved in suppressing a videotape. However, as Judge Martinotti explained in his November 23 Memorandum Order, to plead conspiracy, a plaintiff "must plead facts indicating a meeting of the minds between the alleged conspirators, bald allegation of conspiracy [are] insufficient." (November 23 Order at 4 n.1.) Plaintiff's proposed pleading does not contain such allegations. As such, Plaintiff has failed to plead a viable conspiracy claim against Alameda.

### H. Laura Seborowski

As best can be discerned from the proposed amendment, it appears that Plaintiff attempts to allege that a prosecutor, identified as Laura Seborowski ("Seborowski"), has been conspiring "to withhold video footage" because she was "aware" of a subpoena seeking the information.

11

(ECF No. 14-7 at 8.) He also accuses Seborowski of "fraud upon the courts" and violating his "14th Amendment rights" by attempting to use the supposedly false lab reports in court. *Id.*

As with his attempts to plead conspiracy against other defendants, Plaintiff makes unsupported legal conclusions about a conspiracy that fail to satisfy the *Iqbal/Twombly* pleading standard, and the standard reiterated in Judge Martinotti's Memorandum Order. Moreover, as explained previously, Plaintiff remains incarcerated; therefore, any attempt to assert a fabrication of evidence-based Section 1983 claim involving lab reports against Seborowski is futile. *See Heck*, 512 U.S. at 487.

## CONCLUSION

For the reasons set forth above, Plaintiff's proposed amendments are futile. Accordingly, the motion to amend [ECF No. 14] is **DENIED**.

Dated: November 29, 2021
                                                  *s/ Jessica S. Allen*_____
                                                  **Jessica S. Allen**
                                                  **United States Magistrate Judge**

cc:    Hon. Brian R. Martinotti, U.S.D.J.